IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00213-MSK

GLENDA G. RETALIA-WILSON

        Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

---

### ORDER GRANTING MOTION FOR ATTORNEY FEES

---

THIS MATTER comes before the Court on the Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 **(#31)**. The Defendant opposes the motion. Having considered the motion and the response **(#32)**, the Court

**FINDS** and **CONCLUDES** that:

On November 23, 2005, the Court issued an oral ruling reversing an administrative decision to deny Social Security disability benefits to the Plaintiff, Ms. Retalia-Wilson. The Court based its decision upon the ALJ's lack of specificity in giving reasons for rejecting the opinions of treating professionals and the Social Security Commissioner's failure to consider new evidence, and remanded the case for further consideration.

Ms. Retalia-Wilson now requests an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). This statute requires a court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or

against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The Commissioner does not contend that the amount of attorney fees sought by Ms. Retalia-Wilson is unreasonable. Instead, the Commissioner argues that no fees should be awarded because her position in this litigation was substantially justified.

The Commissioner bears the burden of establishing that her position was substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). However, the Commissioner has not met this burden. The ALJ failed to give specific, legitimate reasons for discounting the opinions of treating professionals. This was recognizable from the face of the ALJ's ruling and was compounded by the refusal of the Appeals Council and Commissioner the determination in light of newly submitted treatment notes that elucidated such opinions.

**IT IS THEREFORE ORDERED** that the Motion for Attorney Fees **(#31)** is **GRANTED**. The Plaintiff is awarded attorney fees in the amount of $7,550.

Dated this 14th day of March, 2006

                **BY THE COURT:**

                *Marcia S. Krieger*
                Marcia S. Krieger
                United States District Judge